UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: **1:22cv20799**

ERIC RIVERA,                               AT LAW AND IN ADMIRALTY
    Plaintiff,                               JURY DEMAND

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION,
    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, ERIC RIVERA, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION, and files this Complaint for Damages, and says:

## THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney fees.

2. **THE PLAINTIFF.** The Plaintiff, ERIC RIVERA, is sui juris, a resident of Porter County, Indiana, and is a citizen of the State of Indiana for purposes of diversity of citizenship under 29 U.S.C. Sec. 1332.

3. **THE DEFENDANT.** The Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION (hereinafter referred to as ROYAL CARIBBEAN, or Defendant), was at all times material doing business in Tampa, Hillsborough County and Miami, Dade County, Florida. The Defendant is a citizen of Florida for purposes of diversity of citizenship under 28 U.S.C. Sec. 1332. At all times material hereto, the Defendant owned and/or operated the cruise ship Brilliance of the Seas on which the subject negligence and incident occurred.

1

4. **FEDERAL SUBJECT MATTER JURISDICTION.** This is an action which arises by virtue of diversity of citizenship pursuant to 28 U.S.C. Sec. 1332; and is within the Court's admiralty or maritime jurisdiction pursuant to 28 U.S.C. Sec. 1333. The venue selection clause in the Passenger Contract Ticket issued by the Defendant requires that this suit be filed in Federal Court in Miami Dade County, Florida.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

    **(a)** Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and or

    **(b)** Had an office or agency in this state and/or county; and/or

    **(c)** Engaged in substantial activity within this state; and/or

    **(d)** Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. Plaintiff seeks a Jury Trial on all issues raised in the pleadings.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF THE INCIDENT.** The incident occurred on February 6, 2022, at approximately 8:00 a.m., while the vessel was in transit at sea.

9. **LOCATION OF THE INCIDENT.** The incident occurred in cabin number 8003 onboard the Royal Caribbean vessel Brilliance of the Seas, a ship traversing navigable

waters while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law.

10. **STATUS OF THE PLAINTIFF AS OF THE DATE AND TIME OF THE INCIDENT.** At all times hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while aboard the vessel.

11. **DESCRIPTION OF THE INCIDENT.** The vessel, the Brilliance of the Seas, was built to Royal Caribbean's specifications at the Meyerwerft Shipyard, Papenburg, Germany in 2001. The Brilliance of the Seas is a part of the Radiance class of cruise vessels which consists of four ships, the Radiance, the Jewel, the Serenade, and the Brilliance. The staterooms in these four ships are the same in design and layout. The Brilliance of the Sea's maiden voyage was on July 15, 2002. It was constructed under the supervision and with the participation of Royal Caribbean personnel who were present onsite at the shipyard during the vessel's construction. The Brilliance of the Seas received a refurbishment in 2013, and some minor updates in April 2013.

12. The Brilliance of the Seas has a capacity of 2,501 passengers. The vessel assigns cabins with bathrooms to its passengers. Inside the bathroom is a toilet, shower, and sink.

## COUNT I: FAILURE TO WARN

13. Royal Caribbean was aware and on notice that prior to the incident that bathroom floor in the Radiance Class of vessel The Brilliance of the Seas where Plaintiff slipped, was unreasonably slippery when wet.

14. Royal Caribbean was aware and on notice that The Brilliance of the Seas, and other vessels of the Radiance class of cruise vessels, due to age, construction, and lack of

maintenance, had prior instances of pipes leaking and flooding the bathrooms, which made the floors unreasonably slippery.

15. Royal Caribbean did not post any signs in the bathroom, nor warn its passengers that the bathroom floors on the Vessel The Brilliance of the Seas, could be unreasonably slippery when wet.

16. Royal Caribbean did not add any stripping or any other skid resistant material to the bathroom floor of the Vessel The Brilliance of the Seas, to make slipping less likely to occur.

17. After Mr. Rivera and his fiancé went to bed, a pipe in the bathroom of his cabin began leaking and caused flooding of water on the floor of the bathroom of approximately 1 inch in depth.

18. Mr. Rivera was not responsible in any way or by any means for the failure of the water pipe which caused leaking of water in the bathroom floor as set forth in Averment 17.

19. Mr. Rivera awoke at approximately 8:00 a.m. and walked into the bathroom. His foot slipped on the wet bathroom floor causing him to fall and to sustain extensive injuries to his neck and back.

20. The Defendant, Royal Caribbean, owes a duty to exercise reasonable care for the safety of its passengers, including the Plaintiff Eric Rivera, which is non-delegable; and, for which even the slightest act of negligence renders a carrier liable.

21. Royal Caribbean breached that duty, when it failed to warn Eric Rivera, that when wet, the floor in the bathroom was unreasonably slippery.

22. Royal Caribbean was negligent when it breached that duty to warn Mr. Rivera.

23. Royal Caribbean's failure to warn Mr. Rivera is a proximate cause of his injury and damages.

24. Eric Rivera suffered injury to his neck and back, and/or suffered an aggravation to an existing physical condition as a result of Defendant's negligent acts and/or omissions for which he seeks damages.

25. Mr. Rivera and his fiancé immediately reported the fall and resultant injuries to vessel personnel; and Mr. Rivera was treated by vessel medical personnel.

26. After Mr. Rivera was injured, vessel personnel dried the bathroom floor and repaired the water pipe leak.

WHEREFORE, the Plaintiff, ERIC RIVERA, seeks economic and non-economic damages against the Defendant, ROYAL CARIBBEAN CRUISES, LTD, including:

   a. Economic damages including medical, psychological damages, and household expenses;
   b. Non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life;
   c. Costs of suit; and
   d. Pre-judgment and Post-judgment interest.

## COUNT II: NEGLIGENT MAINTENANCE

27. The Plaintiff, Eric Rivera, adopts and re-alleges each and every allegation in Averments 1 through 26 above.

28. The Defendant owes a duty to exercise reasonable care for the safety of its passengers, including the Plaintiff Eric Rivera, which is non-delegable; and, for which even the slightest act of negligence renders a carrier liable.

29. Royal Caribbean was negligent by failing to properly maintain the plumbing and water pipes in the bathroom in cabin 8003. A poorly maintained pipe or pipes leaked, causing the bathroom floor to be flooded with water, and which caused a slippery condition on the bathroom floor.

30. Royal Caribbean breached the duties set forth in Averment 28 by failing to comply with applicable industry standards, statutes, and/or regulations regarding maintenance of the vessel's plumbing.

31. Royal Caribbean was aware and on notice that The Brilliance of the Seas, and other vessels of the Radiance class of cruise vessels, due to age, construction, and lack of maintenance, had prior instances of pipes leaking and flooding the bathrooms, which made the floors unreasonably slippery, including the bathroom in Room 8003, where Mr. Rivera slipped and fell.

32. Royal Caribbean had constructive knowledge of the unreasonable and dangerous conditions caused by its failure to properly maintain the plumbing and water pipes in the bathroom in stateroom 8003.

33. The negligent conditions as set forth in Averments 29, and 30 occurred with sufficient regularity so as to be foreseeable by the Defendant, and which should have been foreseeable by the Defendant.

34. The Defendant's negligence proximately caused the permanent injuries and damages to the Plaintiff in the past and in the future.

35. Eric Rivera injured his neck and back, and/or suffered an aggravation to an existing physical condition, due to Defendant's negligent acts and omissions.

WHEREFORE, the Plaintiff, ERIC RIVERA, seeks economic and non-economic damages against the Defendant, ROYAL CARIBBEAN CRUISES, LTD, including:

   e. Economic damages including medical, psychological damages, and household expenses;

   f. Non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life;

   g. Costs of suit; and

   h. Pre-judgment and Post-judgment interest.

DATED:   March 16, 2022                    Respectfully submitted,

*/s/ Michael Lygnos*
**MICHAEL LYGNOS, ESQ.**
marinelaw@msn.com
Florida Bar No.:  613118
111 North Belcher Road, Suite 204
Clearwater, FL 33765
Tel:  813.928.5252
Fax:  727.726.9500
*Counsel for the Plaintiff Eric Rivera*